**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **5:98-CR-9** |
| | § | |
| **KENNETH PAUL GRAY** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On June 20, 2005, the Court held a hearing on the Government's Petition to Revoke Supervised Release.  The Government was represented by Assistant United States Attorney Mary Ann Cozby.  Defendant was represented by Craig Henry.

Defendant was sentenced on November 10, 1998, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of burglary of a post office, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 to 30 months.  Defendant was subsequently sentenced to 30 months imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, drug aftercare, shall obtain a GED, $136.47 in restitution, and a $100 special assessment.  On May 19, 2003, Defendant completed his period of imprisonment and began service of the supervision term.

On December 16, 2004, the instant petition to revoke was filed.  In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime.  Specifically, the

Government alleges on or about December 30, 2004, Defendant was arrested by the Union County, Arkansas Sheriff's Department for committing the offense of commercial burglary.  The Government further alleges on April 22, 2004, Defendant entered a guilty plea to committing the offenses of commercial burglary and theft of property in the Circuit Court of Union County, Arkansas, 13th Judicial District, First Division, in Docket No. CR-2004-0036.  Defendant was subsequently sentenced to 72 months imprisonment with 48 months suspended.

2) Defendant shall not leave to judicial district without permission of the Court or the probation officer.  Specifically, the Government alleges Defendant did not have the permission of the Court or the probation officer to travel to Strong, Arkansas, which is outside the jurisdiction boundaries of the Eastern District of Texas, on or about December 30, 2003.

3) Defendant shall refrain from any unlawful use of a controlled substance.  Specifically, the Government alleges on September 2, 2003, Defendant submitted a urine specimen which tested positive for the use of cocaine; on October 6, 2003, Defendant submitted a urine specimen which tested positive for the use of cocaine; and on November 7, 2003, Defendant submitted a urine specimen which tested positive for the use of cocaine.

4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.  Specifically, the Government alleges on October 6, 2003, Defendant was questioned concerning his illicit drug use prior to submitting a urine specimen for testing.  Defendant admitted using said substance around September 1, 2003, but stated that he had not used since that time.  According to the Government, as evidenced by Defendant's subsequent positive urine specimen on October 6, 2003, Defendant was not completely truthful with the U.S. Probation Officer.

5) Defendant shall pay $136.47 in restitution.  Specifically, the Government alleges on May 20, 2003, Defendant was instructed to pay $25 per month towards his criminal monetary penalties. As of the date of the petition, Defendant had failed to make payments as instructed and had an outstanding balance of $135.47 in restitution.

The Court scheduled a revocation hearing June 20, 2005.  At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the first allegation as set forth above.  After his plea of true to the first allegation, the Government abandoned the additional allegations.  Based upon the Defendant's plea of true to the first allegation and with no objection by the Defendant or the Government, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, ordered to run consecutive to the sentence ordered in Docket No. CR-2004-0036 of the Circuit Court of Union County, Arkansas, 13th Judicial District, First Division, with no term of supervised release to follow such term of imprisonment.  The Court further recommended that it be ordered that all criminal monetary penalties be imposed in this revocation as previously ordered in the final judgment, and that all payments collected be credited towards outstanding balances.  Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first allegation as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, ordered to run consecutive to the sentence

3

ordered in Docket No. CR-2004-0036 of the Circuit Court of Union County, Arkansas, 13th Judicial

District, First Division, with no term of supervised release to follow such term of imprisonment.  It

is further

> **RECOMMENDED** that all criminal monetary penalties be imposed in this revocation as
previously ordered in the final judgment, and that all payments collected be credited towards
outstanding balances.

> The parties were informed of the right to file objections to the recommendations as set forth
above.  Both parties waived their objections.

**SIGNED this 20th day of June, 2005.**


CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE